UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHARMACIA LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV2275 CDP |
| | ) | |
| UNION ELECTRIC COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs Pharmacia LLC, Mallinckrodt LLC, The Goodyear Tire & Rubber Company, and Findett Real Estate Corporation, brought this action against the Union Electric Company, now known as Ameren Missouri Company, seeking to recover the costs plaintiffs incurred in identifying and responding to hazardous chemicals allegedly released by defendants. Plaintiff's first amended complaint includes claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) and a Missouri common law claim for unjust enrichment. Ameren has moved to dismiss the unjust enrichment claim, arguing it is preempted by CERCLA and deficient under the applicable state law. Because I find that the unjust enrichment claim is preempted by CERCLA § 113, I will grant the motion.

## **Background**

Since at least 1988, plaintiffs have incurred costs performing response actions to address alleged contamination from the Hayford Bridge Road Groundwater Superfund Site.  In 2001, the Environmental Protection Agency issued an order requiring plaintiffs to conduct a remedial investigation into the nature and extent of off-site groundwater contamination from the Hayford Bridge Site.  In 2007, plaintiffs entered a consent decree with the EPA requiring plaintiffs to conduct quarterly groundwater monitoring.  Plaintiffs found chlorinated volatile organic compounds (CVOCs), including cis-DCE, in and around the Elm Point Wellfield, which supplies drinking water to the City of St. Charles.  Accordingly, the EPA demanded that plaintiffs undertake an Emergency Response Action to delineate the groundwater contamination.

Defendant Ameren has property approximately three thousand feet from the Hayford Bridge Site, on which it operates an electrical power distribution substation.  Plaintiffs' testing revealed the presence of various contaminants on and adjacent to Ameren's property, consistent with the contaminants found at or near the Elm Point Wellfield.  Plaintiffs identified a "Northern Plume" along Huster Road north of Ameren's property, and allege that Ameren's property is the sole source of the Northern Plume.  On June 5, 2012, the EPA notified Ameren that its

property was contributing to the Northern Plume, but Ameren took no action in response. On September 23, 2012, plaintiffs entered into an Administrative Settlement Agreement and Order on Consent with the EPA requiring plaintiffs to incur response costs for contamination that included the Northern Plume.

Plaintiffs filed this action, bringing claims for contribution and a declaratory judgment under CERCLA § 113 (42 U.S.C. § 9613), cost recovery under CERCLA § 107 (42 U.S.C. § 9607), and unjust enrichment under Missouri common law. Now before me is Ameren's motion to dismiss the unjust enrichment claim (Count 4), arguing that the claim is preempted by CERCLA and that it fails as a matter of law because plaintiffs had an independent legal duty to perform the response actions.

## **Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court considers the factual allegations of a complaint as true and construes those allegations in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement

property was contributing to the Northern Plume, but Ameren took no action in response. On September 23, 2012, plaintiffs entered into an Administrative Settlement Agreement and Order on Consent with the EPA requiring plaintiffs to incur response costs for contamination that included the Northern Plume.

Plaintiffs filed this action, bringing claims for contribution and a declaratory judgment under CERCLA § 113 (42 U.S.C. § 9613), cost recovery under CERCLA § 107 (42 U.S.C. § 9607), and unjust enrichment under Missouri common law. Now before me is Ameren's motion to dismiss the unjust enrichment claim (Count 4), arguing that the claim is preempted by CERCLA and that it fails as a matter of law because plaintiffs had an independent legal duty to perform the response actions.

## **Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court considers the factual allegations of a complaint as true and construes those allegations in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 545.

Pursuant to the Supremacy Clause of the Constitution, Congress can preempt state law. U.S. Const. art. VI, cl. 2; *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). Preemption can either be explicit or implicit. *Id.* Implicit preemption applies if (1) Congress intended the federal law to exclusively "occupy the field," or (2) it is impossible for a private party to comply with both sets of law or the state law stands as an obstacle to the purpose or objectives of the federal law. *Id.* at 372-73. While it has not been addressed by the Eighth Circuit, some other Circuits have found that "state law contribution claims for CERCLA response costs conflict with CERCLA contribution claims and therefore are preempted." *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 138 (2d Cir. 2010); *see also In re Reading Co.*, 115 F.3d 1111, 1117 (3d Cir. 1997) (abrogated on other grounds).

Two CERCLA provisions "allow private parties to recover expenses associated with cleaning up contaminated sites." *Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 602 (8th Cir. 2011) (quoting *United States v. Atl. Research Corp.*, 551 U.S. 128, 131 (2007)). "Section 107(a)(4)(B) permits a private party who has voluntarily incurred costs . . . to recover necessary response costs from another liable party." *Id.* Section 113(f)(3)(B) authorizes "[a] person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement to seek contribution from any person who has not so resolved its liability." *Id.* (internal quotations omitted). Plaintiffs have brought claims against Ameren under both §§ 107(a) and 113(f).

Other courts have held that §113(f) preempts state common-law claims such as claims for contribution and unjust enrichment. Section 113(f) was intended to "standardize the statutory right of contribution" and "provide the only contribution avenue for parties with response costs under CERCLA." *Niagara*, 596 F.3d at 138. *See also*, *Reading*, 115 F.3d at 1117; *Hidden Lakes Dev., LP v. Alina Health Sys.*, No. 02-406 JNE, 2004 WL 2203406, at *9 (D. Minn. Sep. 27, 2004); *Lenox Inc. v. Reuben Smith Rubbish Removal*, 91 F. Supp. 2d 743, 753 (D.N.J. 2000). Accordingly, state law contribution claims would stand as an obstacle to the

purpose of CERCLA § 113. *Id.* Although the Eighth Circuit has been silent on this question, I agree with the Second and Third Circuits. Because section 113(f) established a standardized contribution scheme for costs arising from settlement with the EPA, this unjust enrichment claim arising from the same settlement action would "stand as an obstacle to the purpose or objectives of the federal law."

Plaintiffs argue that dismissal of the claim is premature, and that the Federal Rules allow "a plaintiff to pursue alternative and legally inconsistent theories up until the point where one of the inconsistent theories prevails to the exclusion of the others." Plf.'s Br. 8 (citing *Bd. Of Cnty. Comm'rs of the Cnty. Of La Plata, Co. v. Brown Grp. Retail, Inc.*, 598 F. Supp. 2d 1185, 1192-93 (D. Colo. 2009)). *Brown* is distinguishable from the present case. *Brown* dealt with double recovery as barred by a different section of CERCLA, § 114(b); section 113(f) was not at issue in *Brown*. The *Brown* court denied a motion to dismiss plaintiff's unjust enrichment claim, reasoning that it was not preempted by § 114(b) unless plaintiff prevailed on its CERCLA claims. Preemption of state law claims by § 113(f), however, is based not on a risk of double recovery but on interference with a specific recovery scheme established by the statute. State law claims that seek to circumvent that recovery scheme are preempted regardless of whether there is a double recovery. Since plaintiffs' unjust enrichment claim is predicated on costs

plaintiffs incurred through their settlement with the EPA, the very subject matter § 113(f) covers, that claim is preempted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss count 4 of plaintiffs' first amended complaint [#24] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2013.